**NOT FOR PUBLICATION**

| | |
|---|---|
| New Community Corporation, | UNITED STATES DISTRICT COURT |
| Plaintiff, | DISTRICT OF NEW JERSEY |
| v. | Civil Action No. 10-3208 (DMC-JAD) |
| Arthur J. Gallagher Risk Management Services Inc., et al., | |
| Defendants. | |
| | **OPINION AND ORDER** |
| Aon Risk Services Northeast, Inc., | |
| Third-Party Plaintiff, | |
| v. | |
| Olympic Agency, Inc., | |
| Third-Party Defendant. | |

**DICKSON, U.S.M.J.**

This will address the motion for reconsideration of the Court's Order staying this litigation filed by Plaintiff New Community Corporation ("Plaintiff"), as well as Plaintiff's opposition to the motions to stay filed by Defendants Arthur J. Gallagher ("Gallaher") and Aon Risk Services Northeast, Inc. ("Aon"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. For the reasons set forth below, the motion for reconsideration is **denied** and the motions to stay are **granted**.

**I.    BACKGROUND**

In September 2010, Defendant American Home Assurance Company ("American Home") moved the United States District Court for the Southern District of New York to compel

1

arbitration.[1] The agreement to arbitrate is found in a series of Payment Agreements between Plaintiff and American Home. American Home contends that the arbitration clauses in the Payment Agreements govern the dispute between Plaintiff and American Home, while Plaintiff argues that its claims are not subject to arbitration. American Home's Petition to Compel Arbitration has been fully briefed, and the parties await a ruling from the Southern District of New York.

Plaintiff has no arbitration agreement with Gallagher or Aon, and neither Gallagher nor Aon are parties to the proceedings in the Southern District of New York. Even if the Southern District Court orders Plaintiff and American Home to arbitrate their dispute, Plaintiff will pursue its claims against the Brokers in this jurisdiction.

On October 15, 2010, American Home filed a Motion to Stay, and on November 1, 2010, Gallagher cross-moved to stay this litigation. The Court, on November 5, 2010, issued an Order staying all pending motions, which included the motions to stay. On May 20, 2011, before Plaintiff had an opportunity to respond to Gallagher's cross-motion, the Court granted American Home and Gallagher's motions to stay. *See* May 20, 2011 Order, ¶¶ 1 and 2 (ECF No. 53). Aon subsequently asked the Court to stay all discovery. *See* May 24, 2011 letter, (ECF No. 54).

## II.  LEGAL STANDARDS

Local Civil Rule 7.1(i) requires a party seeking reconsideration to set "forth concisely the matter or controlling decisions which the party believes the [Judge] has overlooked." L. Civ. R. 7.1 (i)

A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003). It

---

[1] The facts recited herein are taken from the Plaintiff's submission.

may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest justice. *See, e.g., Carmichael v. Everson, et al.*, No. 03-4787, 2004 U.S. Dist. LEXIS 11742, at *1 (D.N.J. May 21, 2004) (Cavanaugh). The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the issue. *Church & Dwight Co, Inc. v. Abbott Labs.*, No. 05-2142, 2008 U.S. Dist. LEXIS 15619, at *4 (D.N.J. February 29, 2008). As such, it may ordinarily address only those matters of fact or issues of law that were presented to, but were not considered by, the Court in rendering its decision. *Days Inns Worldwide, Inc. v. Ram Lodging, LLC, et al.*, No. 09-2275, 2010 U.S. Dist. LEXIS 74534, at *3 (D.N.J. July 19, 2010) (*citing SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J.), *aff'd*, 891 F.2d 283 (3d Cir. 1989)). Facts that were known at the time of the original motion generally may not be introduced for the first time on reconsideration. *Days Inns*, 2010 U.S. Dist. LEXIS at *3.

Furthermore, a motion for reconsideration that merely raises a disagreement with the Court's decision should be denied. *Id.* It "should not provide the parties an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (citation omitted). Nor should a motion for reconsideration be used to raise new issues with the benefit of "the hindsight provided by the court's analysis." *Leja v. Schmidt Mfg., Inc.*, 2008 U.S. Dist Lexis 37348, at *8 (D.N.J. May 6, 2008); *See also United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (efforts to expand "reargument to include matters that were not presented before the court in the original motion, but that were submitted after the motion has been decided have been rejected.")

Notwithstanding, while recent Courts have applied the *Carmichael* test strictly, some (mostly older decisions) have stated in dicta that the Court does has discretion to consider evidence raised for the first time in the reconsideration motion if such evidence may lead to a different outcome. *Church & Dwight Co, Inc.*, No. 5-2142, 2008 U.S. Dist. LEXIS, at *5 (*citing Panna v. Firstrust Sav. Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991)).

### III. ANALYSIS

The motion for reconsideration shall be denied. There is no change in the controlling law, no new evidence, and this Court's analysis remains unchanged. The claims against American Home are stayed pending the ruling by the Court in the Southern District of New York on American Home's motion to compel arbitration.

The stay motions by the Brokers beg the question: should this Court allow this litigation to proceed if no party, including the Defendant Brokers, can obtain discovery from American Home? First, there would be no prohibition on any party obtaining Rule 45 (subpoena) discovery from American Home. This, however, raises one more question: Is proceeding in this litigation without regard to the potential arbitration likely to result in piecemeal, inconsistent decisions? The answer seems obvious. This Court concludes it is very possible that such would be the case.

Let us assume for purposes of this motion that Plaintiff is correct: It paid too much for Worker's Compensation insurance because American Home (or others) could have sold it something less expensive, and it did so because it was advised (by either its Brokers or American Home) that it must buy that which American Home offered. Some decision maker will need to know who should pay Plaintiff for this liability. The real dispute may well be between the Defendant Brokers and American Home. That dispute, however, cannot be fully aired until the

arbitration issues, both substance and scope, are decided. To allow only the dispute between the Defendant Brokers and Plaintiff to proceed now, in the face of the stay of claims by Plaintiff against American Home, invites a partial adjudication and repeat discovery, as well as issues that will arise as the parties seek Rule 45 discovery from American Home. Furthermore, it may require Plaintiff to fight a war on two fronts, with no sure method for reconciling the potential inconsistent final rulings from this Court and the arbitrator.

The better position is to wait and see: 1) whether the Southern District of New York compels arbitration; and, if so 2) what is the scope of that arbitration? Will it resolve all claims between Plaintiff and American Home? What if American Home is found liable and then concludes it has viable claims against the Brokers? Once we know the answers, or at least have a way to find the answers, to those questions, this Court can more rationally determine how this litigation should proceed.

Accordingly, under the discretion granted to this Court as recognized by *Mendez v. Puerto Rican Int'l. Companies, Inc.*, 553 F. 3d 709, 712 (3rd Cir. 2009), the discovery in this matter will be stayed until the Southern District of New York rules on American Home's petition to compel arbitration, at which time we will revisit these issues.

**SO ORDERED**

_____
Joseph A. Dickson
United States Magistrate Judge

cc: Hon. Dennis M. Cavanaugh, U.S.D.J.