**NOT FOR PUBLICATION**

| | |
|---|---|
| NEW COMMUNITY CORPORATION, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| v. | Civil Action No. 10-cv-3208 (DMC) |
| ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., AON RISK SERVICES NORTHEAST, INC., AMERICAN HOME ASSURANCE COMPANY and AMERICAN ASSURANCE COMPANY, | **REPORT AND RECOMMENDATION** |
| Defendants. | |
| AON RISK SERVICES NORTHEAST, INC. | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| OLYMPIC AGENCY, INC. | |
| Third-Party Defendant. | |

JOSEPH A. DICKSON, U.S.M.J.:

This matter was referred to this Court for a Report and Recommendation on the motion for summary judgment by Third-Party Defendant Olympic Agency, Inc. ("Olympic") pursuant to Federal Rule of Civil Procedure 56. Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, the recommendation of this Court is set forth for the reasons herein expressed separately below.

## I. Background[1]

On October 1, 2010, Plaintiff New Community Corporation ("NCC") filed a First Amended Complaint and Demand for Jury Trial asserting various causes of action against AON

---

[1] These facts are taken from the parties' respective submissions.

1

Risk Services Northeast, Inc. ("AON"), Arthur J. Gallagher Risk Management Services, Inc., American Home Assurance Company, and American Assurance Company (collectively, "direct defendants"). NCC seeks to recover damages from AON and the other direct defendants for the alleged excessive amounts of premiums NCC alleges it paid as a result of the direct defendants' negligence, misrepresentation, breach of contract, and breach of fiduciary obligations in procuring workers' compensation insurance policies for NCC between 2002 and 2008. Olympic was not named as a defendant in NCC's First Amended Complaint.

On October 14, 2010, AON filed an Answer to NCC's First Amended Complaint and a Third-Party Complaint against Olympic asserting a claim for contribution.[2] AON alleges that if it is found liable, Olympic, as a co-broker, is responsible and liable as a joint tortfeasor pursuant to the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. § 2A:53A-1 et al ("JTCL"). On October 28, 2010, Olympic filed its Answer to the Third-Party Complaint, Separate Defenses, and Certification denying the substance of all claims asserted against it.

Olympic is an insurance brokerage that operates almost exclusively in the life and health insurance marketplace. In the markets where Olympic does not generally operate, it enters into brokerage and commission sharing arrangements with other insurance brokers in order to gain access to those markets for its clients.

On May 1, 1996, AON and Olympic executed a Brokerage and Commission Sharing Agreement (the "Agreement") to service certain "Accounts" with insurance needs other than life or health insurance. NCC's property/casualty insurance program, including the workers' compensation insurance at issue in this case, was one such Account. Pursuant to the Agreement, AON agreed to "use its best efforts to place the insurance for the Accounts in the best available

---

[2] AON also brought a claim for indemnification against Olympic in Count II of the Third-Party Complaint. However, a Stipulation of Dismissal as to Count II was entered on April 27, 2011. Accordingly, the only claim presently asserted against Olympic is AON's third-party claim for contribution.

2

markets; ... reserv[ing] to itself and its carriers absolute discretion and underwriting judgment in accepting, rejecting, or rating specific or general risks." The Agreement further provides that AON "will act as broker of record with each insurance company writing the insurance for the Accounts, will bill and receive the premiums from the Accounts, and will have the right to cancel policies because of nonpayment of premiums." On the other hand, Olympic agreed to "use its best efforts to assist AON in retaining the Accounts [and that such] services shall include, if mutually agreed to, introductions to employees of the Accounts, advice concerning sales efforts and advice concerning the retention of Accounts." AON's claim for contribution against Olympic is premised on the terms of the Agreement.

The parties to this action have previously exchanged documents in preparation for a settlement conference with the Court on March 23, 2011. However, no formal discovery, such as interrogatories, requests for production of documents, or depositions, has occurred.

## II. Standard of Review

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." See Celotex Corp., 477 U.S. at 323. "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. at 330.

"In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable

inferences - including issues of credibility - in favor of the nonmoving party." <u>Newsome v. Admin. Office of the Courts of the State of N.J.</u>, 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing <u>Watts v. Univ. of Del.</u>, 622 F.2d 47, 50 (D.N.J. 1980)).

While a court must draw reasonable inferences, the non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. <u>See</u> FED. R. CIV. P. 56(e); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). Additionally, "unsupported allegations in memorandum and pleadings are insufficient to repel summary judgment." <u>Schoch v. First Fid. Bancorporation</u>, 912 F.2d 654, 657 (3d Cir. 1990). Likewise, conclusory allegations are insufficient to establish genuine issues of fact. <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 902 (1990). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 586.

### III.     Discussion

AON's claim for contribution is premised on the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. § 2A:53A-1 et al ("JTCL"). The JTCL provides in relevant part:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share...

4

N.J.S.A. 2A:53A-3. The term "joint tortfeasor" is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." N.J.S.A. 2A:53A-1. A prerequisite for any contribution claim under the JTCL is joint liability or common liability. See Cherry Hill Manor Associates v. Faugno, 182 N.J. 64, 72 (2004).

Olympic argues it is entitled to summary judgment because there is no factual support for AON's claim for contribution. Specifically, Olympic argues that the unambiguous terms of the Agreement make clear that it was AON, not Olympic, that was responsible for placing the workers' compensation policies at issue here. Additionally, Olympic argues there is no evidence that Olympic ever provided advice regarding placement of coverage to NCC or that Olympic recommended any insurance carriers or programs. Furthermore, affidavits by parties involved with the NCC account, specifically William Delaney ("Delaney"), former Director of Finance at NCC,[3] and Charles Garbowsky ("Garbowsky"), former Vice President of Olympic, establish that AON, not Olympic, was responsible for placing the workers' compensation policies at issue. Since Olympic had no involvement with the placement or procurement of the workers' compensation insurance, Olympic cannot be a joint tortfeasor. Therefore, Olympic argues, any claim for contribution by AON must necessarily fail.

A. Rule 56(d)

AON asserts that Olympic's motion must be denied based on Rule 56(d),[4] which provides "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present

---

[3] This Court is mindful that Delaney's involvement with NCC predates the events at issue. However, Delaney was the Director of Finance at NCC at the time AON and Olympic's relationship with NCC first began, and his affidavit, which is not rebutted or refuted, provides evidence as to the course of dealings between the parties.

[4] Prior to the 2009 amendments to the Federal Rules of Civil Procedure, Rule 56(f) dealt with continuance of discovery in response to summary judgment motions. In the 2009 amendments this provision was moved to

facts essential to justify its opposition, the court *may*: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d) (emphasis added). "[T]he party requesting a continuance must first demonstrate how that discovery will create a genuine issue of material fact." Interstate Outdoor Advertising v. Zoning Bd. of Tp. Of Cherry Hill, 672 F.Supp.2d 675, 677 (D.N.J.2009). The Third Circuit has interpreted Rule 56(d) as "imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Dowling v. City of Philadelphia, 855 F.2d 136, 139–40 (3d Cir.1988). The affidavit must set forth more than bare conclusions or mere conjecture regarding facts that *may* be uncovered through discovery. See e.g. Mid-South Grizzlies v. National Football League, 720 F.2d 772, 779-80 (3d Cir. 1983); Hilburn v. Bayonne Parking Authority, No. 07-cv-5211, 2011 WL 1321611, *5 (D.N.J. Mar. 31, 2011)(DMC) (finding Rule 56(d) affidavit insufficient because it was based on "conclusory and unsubstantiated allegations").

Here, AON's Rule 56(d) affidavit is based entirely on conjecture and conclusory statements. AON states that because discovery has not taken place, it has been unable to support its third-party claim or demonstrate the existence of factual disputes. AON also asserts that it is unable to adequately respond to the Garbowsky and Delaney affidavits because the affiants have not been deposed. Although this Court recognizes that formal discovery has not taken place, the Court is unable to conclude that this lack of formal discovery has left AON with its hands tied. AON completely ignores the fact that it was an active partner in the business relationship

---

subdivision (d), but "subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed.R.Civ.P. 56, cmt.

between NCC, Olympic, and AON, and intimately involved with the division of duties and responsibilities between Olympic and AON. Accordingly, information relating to the business relationship, and division of services, is already in AON's control based on the personal knowledge of AON representatives and employees. If the business relationship or division of responsibilities differed from Olympic's representation of same, surely one of AON's representatives or employees would be able to proffer an affidavit to that effect. However, AON has not offered a scintilla of evidence calling into question Olympic's representation of the division of services, nor has it provided this Court with anything other than mere speculation that *something* may be uncovered through discovery and that something may preclude summary judgment. Therefore, this Court is not persuaded that discovery is necessary.

NCC has similarly opposed Olympic's motion for summary judgment on Rule 56(d) grounds. Since NCC has not asserted *any* claims against Olympic, it is unclear why NCC has filed opposition to a motion whose outcome has no bearing on NCC. This Court is not inclined to authorize a fishing expedition so that NCC can determine *if* there is any basis for it to make a direct claim against Olympic.[5] Finally, to the extent that NCC plans to seek discovery from Olympic to support NCC's claims against AON and the other direct defendants, any necessary discovery can be obtained through non-party subpoenas.

B. Genuine Issue of Material Fact

In addition to arguing that summary judgment is inappropriate absent discovery, AON argues that Olympic's motion must be denied because there are genuine issues of material fact. Specifically, AON argues that the language in the Agreement as to the specific assistance that

---

[5] Furthermore, NCC's application suffers from the same infirmities as AON's: NCC was the party that bought the insurance and relied on advice from its brokers. Surely if Olympic had been involved in the process at issue *someone* from NCC could step forward and so allege. The record is silent.

7

was required of Olympic is ambiguous, and that a March 28, 2005 correspondence demonstrates that the Agreement between AON and Olympic had been amended or supplemented.

The Court finds these arguments unavailing. NCC's allegations against AON relate to the services AON provided in 2002-2004; therefore, whether or not the Agreement between AON and Olympic was amended in 2005 is irrelevant. Olympic provided this Court with the Agreement, and AON has not provided this Court with any persuasive evidence to suggest that a different version of this Agreement was in effect during the time period in question.

The Court finds the Agreement language unambiguous. Based on the plain language of the Agreement, AON agreed to "use its best efforts to place the insurance for the Accounts in the best available markets," and to "act as broker of record with each insurance company writing the insurance for the Accounts." Most importantly, it "reserved" to itself "absolute discretion and underwriting judgment." Olympic agreed to "use its best efforts to assist AON in retaining the Accounts [and that such] services shall include, if mutually agreed to, introductions to employees of the Accounts, advice concerning sales efforts and advice concerning the retention of Accounts." The Garbowsky and Delaney affidavits, neither of which is rebutted or refuted, indicate that the services provided by AON and Olympic were in fact split in accordance with the Agreement provisions. Accordingly, this Court finds there is no genuine issue of material fact.

The facts clearly demonstrate that Olympic was not involved in the placement or procurement of the workers' compensation insurance. As such, Olympic cannot be a joint tortfeasor, which is a prerequisite for any claim for contribution by AON. Accordingly, AON's claim for contribution against Olympic must fail as a matter of law.

## IV.     Conclusion

For the foregoing reasons, the Court respectfully recommends that the District Court grant Olympic's motion for summary judgment.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:     Hon. Dennis M. Cavanaugh, U.S.D.J.