**NOT FOR PUBLICATION**

| | |
|---|---|
| NEW COMMUNITY CORPORATION, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| v. | Civil Action No. 10-cv-3208 (DMC) |
| ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., AON RISK SERVICES NORTHEAST, INC., AMERICAN HOME ASSURANCE COMPANY and AMERICAN ASSURANCE COMPANY, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

JOSEPH A. DICKSON, U.S.M.J.:

This matter was referred to this Court for a Report and Recommendation on the motion for summary judgment by Aon Risk Services Northeast, Inc. ("Aon") pursuant to Federal Rule of Civil Procedure 56. Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, the recommendation of this Court is set forth for the reasons herein expressed separately below.

**I.      Background[1]**

   A.      The 2005 Litigation

In 2005, New Community Corporation ("NCC") instituted an action against Fleet Bank, Bank of America, St. Paul Travelers Insurance Company, and Aon[2] in the Superior Court of New Jersey. The 2005 Complaint related to fraudulent debits from NCC's bank accounts, and alleged

---

[1] These facts are taken from the parties' respective submissions.
[2] The 2005 Complaint named Aon Risk Services of New Jersey as a Defendant, not Aon Risk Services Northeast, Inc.; the case was settled in 2007, and the settlement agreement defined AON as "collectively, Aon Risk Services, Inc. of New Jersey, its predecessors, successors, affiliates, parents, subsidiaries, related companies, and assigns," which clearly encompasses Aon Risk Services Northeast, Inc. Accordingly, for the purposes of this Report and Recommendation, the Court will simply refer to the party as Aon.

Aon negligently failed to advise NCC to obtain "computer fraud" and "fund transfers fraud" insurance coverage.

NCC and Aon settled the case in 2007, at which time the parties executed a settlement agreement ("Agreement"). The Agreement includes a Release, which provides in relevant part that NCC agrees to:

> completely release, acquit and forever discharge Aon of and from any and all known or unknown past, present, or future claims, actions, causes of action, demands, lawsuits, obligations, liens, rights, damages, costs, claims for expense and/or compensation, claims for attorneys' fees, and/or claims of any nature whatsoever, whether said claims are or could have been asserted in the Action, and which concern, relate or refer to the Action and/or any issues, claims, or causes of action asserted therein.

Cert. of John Madden, Ex. E. (ECF 91-1, p. 58-64). The "Action" is defined as <u>New Community Corp., et al. v. Fleet Bank, et al.</u>, Docket No. L-5700-05, Superior Court of New Jersey, Law Division, Essex County.

The Agreement also includes a section on Unknown Damages, which provides, in relevant part, that NCC understands it may have suffered damages unknown to it at present and acknowledges that the Agreement:

> is intended to and does release and discharge Aon for any claims for, or consequences arising from, such damages, and [NCC] hereby waives any rights to assert in the future any claims which concern, relate or refer to the Action and/or any issues asserted therein, not now known or suspected even though, if such claims were known, such knowledge would materially affect the terms of this [Agreement].

Id.

B. The 2010 Litigation

On October 1, 2010, NCC filed a First Amended Complaint and Demand for Jury Trial asserting various causes of action against Aon, Arthur J. Gallagher Risk Management Services, Inc., American Home Assurance Company, and American Assurance Company (collectively,

"Defendants"). NCC seeks to recover damages from Aon and the other Defendants for the alleged excessive amounts of premiums NCC alleges it paid as a result of the Defendants' negligence, misrepresentation, breach of contract, and breach of fiduciary obligations in procuring workers' compensation insurance policies for NCC between 2002 and 2008.

On October 14, 2010, Aon filed an Answer to NCC's First Amended Complaint.[3] In its Answer, Aon asserts twenty-one separate defenses, including the defenses of waiver and accord and satisfaction. Aon did not plead the affirmative defense of release.

AON now moves for summary judgment based on the Agreement.

## II.  Standard of Review

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." See Celotex Corp., 477 U.S. at 323. "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. at 330.

"In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

---

[3] Aon also filed a Third-Party Complaint against Olympic Agency, Inc., which was resolved by way of a Stipulation of Dismissal as to Count II entered on April 27, 2011, and an Order adopting this Court's Report and Recommendation and granting summary judgment as to Count I entered on September 30, 2011.

While a court must draw reasonable inferences, the non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Additionally, "unsupported allegations in memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Likewise, conclusory allegations are insufficient to establish genuine issues of fact. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 902 (1990). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586.

### III. Discussion

A. Aon's Failure to Plead the Affirmative Defense of Release

NCC contends that because Aon failed to plead Release as an Affirmative Defense, Aon waived that defense.

"Failure to raise an affirmative defense by responsive pleading or by appropriate motion *generally* results in waiver of that defense." Charpentier v. Godsil, et al., 937 F.2d 859, 863 (3d Cir. 1991) (emphasis added). However, such failure "does not *always* result in waiver." Id. (emphasis added). The Court notes that under Rule 15, "a responsive pleading may be amended at any time by leave of court to include an affirmative defense, and leave shall be freely given when justice so requires." Id. at 863-64 (internal citations omitted). Additionally, "[i]t has been held that a defendant does not waive an affirmative defense if he raised the issue at a

pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." Id. at 864 (internal citations omitted).

Aon argues that although it failed to plead Release as an affirmative defense in its Answer, this Court should not find that the defense was waived. Aon notes that its current counsel was not involved in the 2005 litigation, and was unaware of the Agreement's particulars at the time it filed its Answer; once the current counsel reviewed the Agreement, it notified NCC, as early as March 4, 2011, of its intent to rely on the Agreement's release as a defense. Aon argues that NCC, and the Court, were sufficiently put on notice, prior to the filing of the instant motion, of Aon's intent to rely on the release as a defense to the current claims.

This Court agrees with Aon that it raised the affirmative defense of release at a pragmatically sufficient time. Additionally, the Court is mindful of Rule 15's liberality standard. Finally, the Court does not find that NCC will be prejudiced by allowing Aon to rely on the affirmative defense of release, particularly given the posture of the case. Accordingly, this Court does not find that Aon waived the affirmative defense of release, and will allow Aon to rely on that defense.

    B.    The Effect of the Agreement on the Current Litigation

At the outset, the Court notes that while "the settlement of litigation ranks high in our public policy… [i]t does not mean that courts will rewrite or unduly expand settlement agreements in order to deem settled or waived things not legitimately encompassed." Isetts v. Borough of Roseland, 835 A.2d 330, 334 (N.J. Super. 2003) (internal citations omitted). "[I]n fact[,] the policy in favor of settlement suggests only that the court should view the release with an assumption that the parties intended to terminate the then existing lawsuit." Id. at 335.

Aon argues that the Agreement's language is clear and unambiguous, and based on the plain meaning of the release contained therein, NCC released "any and all" claims it may have against Aon, whether known or unknown. As Aon correctly points out, the Third Circuit has found that "[u]nder New Jersey law, 'the phrase 'any and all' allows for no exceptions.'" Geraghty v. Insurance Services Office, Inc., 369 Fed. Appx. 402, 406 (3d Cir. 2010) (citing Isetts v. Borough of Roseland, 364 N.J. Super. 247 (2003)).

However, in Isetts, the case relied on by the Third Circuit in Geraghty, Court provided an important caveat to the "no exception" language; specifically, the Isetts Court held "the phrase 'any and all' allows for no exception, *but only with regard to those types of things thereafter mentioned.*" Isetts, 835 A.2d at 335-36 (internal citations omitted).

Here, there can be no question that NCC released "any and all" claims, but thereafter limited that release by adding the language "asserted in *the Action*, and which concern, relate, or refer to *the Action*." There is a conflict between the release language (i.e. "any and all") and the limitation of that release. Accordingly, this Court does not find that the Agreement's language is clear and unambiguous. The scope of "any and all" as it relates to "the Action" is determinative.[4]

Aon essentially argues that this Court should interpret "the Action" broadly so that it encompasses any and all claims related to Aon's tenure as NCC's insurance broker. As Aon sees it, the allegations in both the 2005 and 2010 cases are the same: Aon allegedly failed to fulfill its obligations as an insurance broker by failing to provide proper advice and counsel to NCC

---

[4] The Court will note that it finds NCC's argument regarding the fact that it was unaware of the current claims at the time the Agreement was executed to be unavailing. The Agreement specifically includes a section regarding "unknown damages." *If*, as Aon suggests, the parties intended for "the Action" to be defined broadly so as to include all claims related to its role as NCC's insurance broker, then the fact that NCC was unaware of the current claims may be irrelevant based on the "unknown damages" section.

6

concerning its insurance products. According to Aon, the operative facts informing the claims are irrelevant for purposes of construing the release.

On the other hand, NCC argues that "the Action" should be given a narrow definition. NCC notes that the Agreement defines "the Action" solely by reference to the 2005 case caption. Accordingly, NCC argues the "the Action" only related to NCC's claims regarding Aon's failure to procure "computer fraud" or "funds transfer fraud" coverage, and cannot be read to encompass any possible claims related to Aon as NCC's insurance broker in general.

Without evidence of the parties' intent, both Aon and NCC's interpretations of "the Action" are equally plausible. Since the scope of "any and all" is by necessity limited by "the Action," which in turn is subject to competing interpretation, there is a genuine issue of material fact. Accordingly, Aon's motion for summary judgment must be denied.

## IV. Conclusion

For the foregoing reasons, the Court respectfully recommends that the District Court deny AON's motion for summary judgment.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Dennis M. Cavanaugh, U.S.D.J.